JS-6
_____

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:24-cv-01865-JLS (AGR)                                                    Date: March 13, 2024
Title: Sarkis Grigoryan v. Rafael Hernandez, et al.

Present: **HONORABLE JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

|   Charles Rojas   |   N/A   |
|   Deputy Clerk    |   Court Reporter   |

Attorneys Present for Plaintiff:                                   Attorneys Present for Defendant:

Not Present                                                                       Not Present

**PROCEEDINGS:   (In Chambers) ORDER REMANDING CASE TO LOS ANGELES SUPERIOR COURT (CASE 24VEUD000407)**

    Defendant filed a Notice of Removal and Request to Proceed In Forma Pauperis.  The Court DENIES these requests and, because the Court lacks jurisdiction over this matter, it REMANDS this action to Los Angeles County Superior Court.

    Plaintiff filed a form complaint in state court for unlawful detainer against Defendant.  (*See* Doc. 1 at 7-10.)

    Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters specifically authorized by Congress or the Constitution.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it.  *Abrego Abrego v. The Dow Chemical Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

    Unlawful detainer actions do not arise under federal law; they arise under state law.  Therefore, the Court has no federal question jurisdiction. *See* 28 U.S.C. § 1331 (conferring on federal courts subject-matter jurisdiction over cases arising under federal law).

_____

**CIVIL MINUTES – GENERAL**                                                                                     1

_____
UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-01865-JLS (AGR)                               Date: March 13, 2024
Title: Sarkis Grigoryan v. Rafael Hernandez, et al.

---

Neither are the requirements to invoke the Court's diversity jurisdiction met.  Although Defendant states that Plaintiff is a Delaware corporation, Plaintiff has filed a declaration that indicates he is a natural person who resides in Sun Valley, California.  (*See* Doc. 9.)  Thus, because Defendant resides in Van Nuys, California (*see* Doc. 1 at 1), there is no evidence that Plaintiff and Defendant are citizens of different states.  *See* 28 U.S.C. § 1332(a) (setting forth requirements for diversity jurisdiction).  Additionally, to properly invoke the Court's diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interests and costs.  *Id.*  Here, the Complaint specifies that it is limited civil case and that the amount demanded "does not exceed $10,000."  (Doc. 1 at 7.)

Even if the Court's diversity jurisdiction were properly invoked, in the absence of a federal question, a resident of the forum state may not remove an action to federal court.  *See* 28 U.S.C. § 1441(b).

These defects are not curable by amendment; therefore, the Court REMANDS this action to the Los Angeles County Superior Court, Case No. 24VEUD00407.

**IT IS SO ORDERED.**

                                                                  Initials of Deputy Clerk:  cr